**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESLEY J. SMITH,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>WARDEN, Montana State Prison; DOES 1-10,<br><br>      Defendants - Appellees. | No. 24-6732<br><br>D.C. No. 6:24-cv-00069-BMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted January 22, 2026[**]

Before: WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Wesley J. Smith, an inmate at Montana State Prison, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations

of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Smith's claim arising from his 2019 assault as barred by the statute of limitations. *See Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations and apply federal law to determine accrual; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action); Mont. Code Ann. § 27-2-204(1) (the statute of limitations for personal injury actions in Montana is three years).

The district court properly dismissed Smith's claim for injunctive relief because Smith failed to allege facts sufficient to show that Smith faces a continuing substantial risk of serious harm and for damages because they are only appropriate when there is an actual injury. *See Farmer v. Brennan*, 511 U.S. 825, 845-47 (1994) (explaining that a court must find that at the time relief will be granted there remains a serious risk to the inmate and that prison officials continue to act with deliberate indifference to that risk); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986) (holding that "no compensatory damages [may] be awarded for violation of [a constitutional] right absent proof of actual

injury").

**AFFIRMED.**